UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-22375-CV-LENARD/TURNOFF

FIDEL EGAS GRIJALVA,

    Plaintiff,

vs.

GULF BANK, a Florida corporation,
SALVADOR BONILLA-SOSA, an
individual, and GREGORY MARTIN,
an individual,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Default Judgment as to Gregory Martin **[DE 33]**, Plaintiff's Motion for Default Judgment as to Gulf Bank **[DE 34]**, and an Order of Referral entered by the Honorable Joan A. Lenard on April 13, 2010. **[DE 37]**.

A hearing was held before the undersigned on Tuesday, May 4, 2010. Plaintiff's counsel appeared at the hearing. None of the Defendants appeared in Court.

### Background

This action was filed by Plaintiff, Fidel Grijalva Egas ("Egas") against Gulf Bank, Salvador Bonilla-Sosa and Gregory Martin ("Martin") on August 11, 2009. **[DE 1]**. The Complaint alleges, among other things, breach of contract, and requests a constructive trust and replacement and registration of lost shares. Id.

Plaintiff Egas is a resident and citizen of Ecuador. See Compl. **[DE 1]** at ¶ 1. Defendant, Gulf Bank, is a Florida corporation with its principal place of business in Miami, Florida. Id. ¶3. Salvador Bonilla Sosa ("Bonilla") was a resident of Miami-Dade County and the director and president of Gulf Bank. Id. ¶ 4. He is now deceased. See Suggestion of Death **[DE 3]**. Martin is a resident of Miami-

Dade County and a director of Gulf Bank. Compl.[**DE 1**] ¶ 5.

The Complaint alleges, *inter alia*, that Egas and Non-Party Juan Esteban Borja Maldonado[1] ("Maldonado") entered into a Put Option[2] Agreement ("Agreement") with Bonilla on or about November 21, 1990. Id. ¶ 10. Pursuant to said Agreement, Egas, Maldonado & Banco de Pichincha, C.A. ("Ecuadorian Group") received 47,616 shares of Class A Convertible Preferred Non-Voting Stock of Gulf Bank ("shares"). The shares were nominally distributed among the Ecuadorian Group members as follows: Egas, 33,308 shares and Maldonado 13,808 shares. Id. ¶ 11.

The Agreement specifically provides as follows:

3.   NO CONVERSION OR TRANSFER

The Ecuadorian Group covenants and agrees with the Corporation [GULF] and Bonilla:

(a) not to pledge, sell, assign, transfer or otherwise dispose of the Issued Shares or any interest therein, except to Bonilla as contemplated by the Agreement;
(b) not to convert, or seek to convert, the Issued Shares into Common Stock of the Corporation except concurrently with the closing of the Stock Purchase Agreement as contemplated therein;
( c) that the certificates representing the Issued Shares shall be appropriated legended to reflect the restrictions set forth in this Agreement.

See Compl. [**DE 1**](Ex. A, ¶ 3).

The Complaint further alleges that Maldonado assigned his 13,808 shares to Egas in 1997. See Compl. [**DE 1, ¶ 15**]. However, said transaction was not contemporaneously reported to Gulf. According to Gulf's records, Maldonado, now deceased, remains the record owner of the 13, 808 shares. Id. On or about May 19, 2004, Bonilla indicated that he would exercise his right under the Agreement

---

[1] Maldonado was a resident of Ecuador. He has been deceased since July 24, 2004. Id. ¶2.

[2] A Put Option is a type of financial instrument. Specifically, it is an option to sell securities at a fixed price even if the market declines. See BLACKS' LAW DICTIONARY 1128 (8th ed. 2004).

2

to purchase the Ecuadorian Group's collective 47,616 Shares at $14. Id. ¶ 16. Bonilla was required to fund the purchase within sixty (60) days pursuant to the Agreement. Id. ¶ 17. The Agreement also called for Bonilla and/or Gulf to set aside funds to effect said purchase. Id.

Plaintiff claims that he advised Bonilla and Gulf that the original Share Certificates were either lost or destroyed. Id. ¶ 18. On February 22, 2005, Plaintiff executed an Affidavit of Loss and Indemnity Agreement in addition to a General Release of Gulf Bank. Id. at Ex. E.

The Complaint alleges that on or about February 23, 2005, Bonilla concluded the purchase of Egas' original 33,808 Shares. According to Plaintiff, however, Bonilla refused to tender funds for the 13,808 assigned Shares without additional information pertaining to the 1997 assignment from Maldonado's heirs at law (his wife Ana Maria Hercillia del Carmen Matheus Ponce and his three children, Maria Amparo Borja Matheus, Juan Esteban Borja Matheus and Bernardo Borja Matheus) in favor of Egas. In response, Plaintiff claims that he produced a subsequent assignment executed by Maldonado's heirs noted *supra*. Id. ¶ 20.

According to Plaintiff, Martin claims to have control over the remaining balance of the funds, estimated at $193,312, the amount set aside to purchase the remaining 13,808 shares. Id. ¶ 21. Plaintiff served Bonilla with a final demand to tender the funds for the shares on March 10, 2009. There was no response and this suit followed. Id. ¶ 22.

### Relevant Statute

Fed.R.Civ.P. 55(b)(2) states in relevant part,

(b) **Judgment**. Judgment by default may be entered as follows:

* * *

(2) *By the Court*. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an in fact or

incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account, or to determine the amount of damages, or to the truth of any averment by evidence, or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed.R.Civ.P. 55.

## Analysis

In the instant Motions **[DE 33 & 34]** Plaintiff seeks the entry of default judgment against Defendants Gregory Martin and Gulf Bank. Upon review, the undersigned notes that both motions were previously denied by Judge Lenard *without prejudice*. In her Order, the Judge instructed Plaintiff to file a renewed motion with: (1) an affidavit of non-miliary status as to Martin and, (2) an affidavit certifying that Defendant is neither an infant or an incompetent person, as per Fed.R.Civ.P. 55(b)(2). **[DE 21]**.

The Motions were again denied *without prejudice* on February 22, 2010. **[DE 26]**. In this connection, Judge Lenard's Order indicates that the Motion did not correspond with the relief requested in the Complaint. The judge also noted that the stamps on the proof of service and affidavits did not match as to Gulf Bank.

In these *Renewed* Motions, Plaintiff indicates that the Clerk has entered Defaults as to both Martin **[DE 33]**and Gulf.**[DE 34]** on December 21, 2009. In furtherance of same, Plaintiff has also filed a Non-miliary Affidavit as to Martin. See Egas Aff. **[DE 22]**. Plaintiff further explains that Martin is a Director of Gulf Bank. Id. In this connection, Plaintiff has provided a printout from the Florida Department of State that so reflects, and requests that the Court take judicial notice of same. Plaintiff further states that Martin was served with substitute service at his residence, after attempts to serve Gulf

4

Bank's registered agent, Manuel Garcia (who no longer maintains an office in Miami), and in the absence of Bonilla, the bank's President, who is deceased. See Suggestion of Death. **[DE 3]**.

In a Supplemental Affidavit filed on May 6, 2010, Egas confirms that Defendant Martin is over the age of eighteen (18) and is a member of the Florida Bar. See Supp. Egas Aff.¶¶ 1-3 **[DE 43]**. Egas also confirms that there are currently no Guardianship or Probate matters pending as to Defendant Martin. Id.

Upon review of the Motions **[DE 33, 34]**, the Affidavits **[DE 22, 43]**, the court file, hearing argument from counsel, and being otherwise duly advised in the premises, the undersigned makes the following findings.

The Clerk's Defaults remain unanswered and Defendants remain in default. Defendants have never responded to any pleading. In fact, Defendants have never appeared in this litigation. Accordingly, the entry of a default judgment is appropriate. Consistent with the above and foregoing, it is **RESPECTFULLY RECOMMENDED** that Plaintiff's Motion for Default Judgment be **GRANTED** as to Martin **[DE 33]** and Gulf **[DE 34]**.

Having determined that Plaintiff is entitled to the entry of a default judgment, the Court now turns to the issue of amount.

Here, Plaintiff has filed an appropriate Affidavit in which he avers that the damages in this matter total $193,312, and that the costs associated with this case total $635. See Egas Aff. **[DE 20]**. Id. Plaintiff's Affidavit tracks the language and allegations made in the Complaint. Id. ¶¶3-8. In the Affidavit, Plaintiff tells us that the $193,312 represents the amount set aside for the purchase of the 13,808 shares of Class A Convertible Preferred Non-Voting Stock. Id. ¶ 6. That amount, says Plaintiff, is currently being held in an escrow account controlled by Martin. Id. ¶ 7.

The Court accepted Plaintiff's Affidavit as direct testimony and same was admitted into evidence by the Court. As indicated above, Defendants did not appear; thus, there was no cross-examination.

Consistent with the above and foregoing, it is hereby **RESPECTFULLY RECOMMENDED** that Plaintiff's Motion **[DE 33, 34]** be **GRANTED** in the amount of **$193,947** [$193,312 (damages) + $635 (costs)], and that default judgment be entered against Martin and Gulf, jointly and severally.

Consistent with Plaintiff's request, it is **FURTHER RESPECTFULLY RECOMMENDED** that the Court retain jurisdiction as to any post judgment and/or collection issues that may arise.

Pursuant to Local Magistrate Rule 4 (b), the parties have fourteen (14) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Court Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F. 2d 745 (11th Cir. 1998); cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this 10th day of May 2010.

_____
**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc: Hon. Joan A. Lenard
    Counsel of Record