UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22375-CIV-LENARD/GARBER

**FIDEL EGAS GRIJALVA,**

    Plaintiff,

vs.

**GULF BANK, ESTATE OF
SALVADOR BONILLA-SOSA, and
GREGORY MARTIN,**

    Defendants.
_____/

**FINAL DEFAULT JUDGMENT**

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge William C. Turnoff ("Report," D.E. 44), issued on May 10, 2010. The Report recommends the Court grant Plaintiff's Motion for Final Default Judgment against Defendant Gregory Martin (D.E. 33), filed on March 31, 2010, and Plaintiff's Motion for Final Default Judgment against Defendant Gulf Bank (D.E. 34), filed on March 31, 2010.[1] The Magistrate Judge held a hearing on the matter on May 4, 2010.

Plaintiff filed the three-count Complaint in this action on August 11, 2009 ("Complaint," D.E. 1). The Complaint alleges that Plaintiff is entitled to sell certain shares of Gulf Bank to the Estate of Bonilla-Sosa, pursuant to a put option agreement. According to the Complaint, these shares were transferred to Plaintiff but the original stock certificates

---

[1] Related affidavits submitted in prior pleadings by the Plaintiff can be found at D.E. 20, 22.

were lost or destroyed. Count II of the Complaint requests the Court issue an Order creating a constructive trust of the estimated $193,312.00 set aside pursuant to a put option agreement, for the benefit of Plaintiff. Count III of the Complaint demands that Gulf Bank be compelled to issue replacement shares and register same was of record, if required to effect payment to Plaintiff. The Clerk entered default against Defendants Gulf Bank and Gregory Martin on December 21, 2009, after both failed to respond to the complaint or otherwise appear in this action.

Plaintiff's motions request default judgment against Defendants Gulf Bank and Gregory Martin in the amount of $193,312.00, together with costs in the sum of $635.00, for the total sum of $193,947.00. The Report recommends Plaintiff's motions be granted and default judgment be entered against Martin and Gulf Bank, jointly and severally, in that amount. The Report provides the parties with fourteen (14) days to file objections. To date, no objections to the Report have been filed. Failure to timely file objections shall bar parties from attacking on appeal the factual findings contained in the report. See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Having reviewed the Report, Plaintiff's motions for final default judgment, with accompanying affidavits, and related pleadings, it is hereby **ORDERED AND ADJUDGED** that:

1. Consistent with this Order, the Report of the Magistrate Judge (D.E. 44), issued on May 10, 2010, is **ADOPTED**;

2. Plaintiff's motions for final default judgment (D.E. 33, 34) are **GRANTED**;

**3.**   Default judgment is entered against Defendants, **GULF BANK** and **GREGORY MARTIN**, jointly and severally, in the amount of $193,312.00, together with costs in the sum of $635.00, for the total sum of $193,947.00, all of which shall bear interest at the rate specified in 28 U.S.C. § 1961, for which sum let execution issue.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of June, 2010.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**