UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-22375-CIV-LENARD/TURNOFF

**FIDEL EGAS GRIJALVA**,

    Plaintiff,

v.

**GULF BANK, ESTATE OF
SALVADOR BONILLA-SOSA, and
GREGORY MARTIN,**

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S AMENDED MOTION FOR SUMMARY JUDGMENT (D.E. 56)

**THIS CAUSE** is before the Court on Defendant the Estate of Salvador Bonilla-Sosa's Amended Motion for Summary Judgment ("Motion," D.E. 56), filed on October 7, 2010. On October 22, 2010, Plaintiff Fidel Egas Grijalva filed his response in opposition ("Response," D.E. 65). Defendant did not file any reply. Having considered the Motion, related pleadings, and the record, the Court finds as follows.

    **I.**    **Background**

Plaintiff filed the three-count Complaint in this action on August 11, 2009 ("Complaint," D.E. 1). The Complaint alleges that Plaintiff is entitled to sell certain shares of Gulf Bank to the Estate of Bonilla-Sosa, pursuant to a put option agreement. According to the Complaint, these shares were transferred to Plaintiff but the original stock certificates were lost or destroyed. Count II of the Complaint requests the Court issue an Order creating

a constructive trust of the estimated $193,312.00 set aside pursuant to a put option agreement, for the benefit of Plaintiff. Count III of the Complaint demands that Gulf Bank be compelled to issue replacement shares and register them. On June 2, 2010, the Court entered final default judgment against Defendants Gulf Bank and Gregory Martin. (See D.E. 45.)

**II.     Motion for Summary Judgment**

Defendant's Motion seeks summary judgment on the basis that this Court lacks subject matter jurisdiction. Specifically, Defendant argues that: (1) the "probate exception" bars Plaintiff's claims where the state probate court has jurisdiction over the res of the Bonilla-Sosa estate and has stricken Plaintiff's claim as untimely under Florida's statute of repose, FLA. STAT. § 733.710; and (2) the Rooker-Feldman doctrine strips this Court of jurisdiction where Plaintiff's claim has already been litigated in state court. In response, Plaintiff states that Defendant's "statements are materially correct but incomplete." (Response at 1.) Plaintiff further states that since no notice of Salvador Bonilla-Sosa's death was ever provided to him it would violate due process to bar his claim as untimely.

**III.    Legal Standard**

On a motion for summary judgment, the Court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The Supreme Court has explained the summary judgment standard as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; see also Barfield v. Brierton, 883 F.2d 923, 933 (11th Cir. 1989).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that

there is a genuine issue for trial.'" Id. at 324; see also FED. R. CIV. P. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Id. at 587. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Id.

### IV. Discussion

The Court finds Defendant's Motion should be denied for a number of reasons. First, the Motion is untimely. Pursuant to the Court's April 7, 2010, Order (D.E. 35), the deadline for filing dispositive motions was September 15, 2010. Defendant's Motion was filed more than three weeks after that deadline. Defendant did not seek an extension of time or otherwise seek leave to file its Motion. Accordingly, the Motion is denied as untimely.

Second, pursuant to S.D. Fla. Local Rule 7.5, both sides were required to file concise statements of material facts. Neither side filed any statement of facts. Accordingly, the Motion is denied for failure to comply with the Local Rules.

Finally, the Court finds that the Motion is deficient on the merits. The "probate exception" as explained in Marshall v. Marshall, 547 U.S. 293, 310-312 (2006), is a very limited exception to federal court jurisdiction. The Supreme Court in Marshall stated:

> Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from

4

>  adjudicating matters outside those confines and otherwise within federal jurisdiction.

Id. at 311-12.  As in Marshall, this case does not involve the administration of an estate, the probate of a will, or any other purely probate matter.  Rather, it involves a simple breach of contract action and a determination of Plaintiff's rights under the subject put-option agreement.  Plaintiff is not seeking the probate or annulment of a will.  Nor does he seek to reach a res in the custody of a state court.  This action is solely concerned with a determination of Plaintiff's legal rights under the contract.  See Markham v. Allen, 326 U.S. 490, 494 (1946) ("[W]hile a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, . . . , it may exercise its jurisdiction to adjudicate rights in such property . . .").  There also exist no "sound policy considerations" in favor of extending the probate exception to this case.  See Marshall, 547 U.S. at 312.  This case is also not barred by the Rooker-Feldman doctrine where the state court adjudication related only to Plaintiff's untimely claim in the probate proceedings and this case is not a de facto appeal of that decision.  Accordingly it is hereby **ORDERED AND ADJUDGED** that Defendant's Amended Motion for Summary Judgment (D.E. 56), filed on October 7, 2010, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of November, 2010.

/s/ Joan A. Lenard
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**