UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22375-CIV-LENARD/GARBER

**FIDEL EGAS GRIJALVA,**

    Plaintiff,

v.

**GULF BANK, ESTATE OF
SALVADOR BONILLA-SOSA, and
GREGORY MARTIN,**

    Defendants.
_____/

## ORDER DISMISSING CASE WITH PREJUDICE PURSUANT TO FLORIDA STATUTES § 733.710 AND CLOSING CASE

**THIS CAUSE** is before the Court on Defendant Vilma Mathe de Bonilla's, as Personal Representative of the Estate of Salvador Bonilla-Sosa ("The Estate"), Memorandum of Law in Support of Affirmative Defense ("Defendant's Brief," D.E. 88), filed on January 12, 2011. On January 19, 2011, Plaintiff Fidel Egas Grijalva ("Grijalva") filed his response in opposition ("Plaintiff's Brief," D.E. 93). On January 25, 2011, The Estate filed its reply ("Reply," D.E. 96).[1] Having considered the Parties' briefs, the related pleadings, and the record, the Court finds as follows.

### I.    Background

As discussed at the pre-trial conference, the vast majority of facts in this case are

---

[1] At the pre-trial conference on January 3, 2011, the Court ordered the Parties to submit memorandum of law regarding their positions as to whether Florida Statutes § 733.710 was a statute of repose and whether it barred Plaintiff's claims against The Estate. (See D.E. 86.)

undisputed. Grijalva and Juan Estaban Maldonado ("Maldonado"), entered into a written "put option agreement" with Salvador Bonilla-Sosa ("Sosa") on November 21, 1990. Under the put option agreement, Egas received 33,808 Class A Convertible Preferred Non-Voting shares of Gulf Bank. Maldonado received 13,808 shares. It is Grijalva's position that sometime in 1997, Maldonado assigned his shares to Grijalva. Maldonado subsequently passed away. On May 19, 2004, Sosa exercised his rights under the put option agreement to purchase the shares and was required to fund the purchase within sixty days. After communicating to Sosa that the original share certificates were either lost or destroyed, Grijalva executed an affidavit of loss and indemnity agreement. On February 23, 2005, Sosa completed the purchase of Grijalva's shares but refused to tender funds for the shares originally assigned to Maldonado without additional documentation. Grijalva complains that he provided additional documentation and Sosa was required to tender the funds for Maldonado's shares. On November 28, 2006, Sosa passed away. No notice of Sosa's death was ever served upon Grijalva or his attorneys. The two-year anniversary of Sosa's death was November 28, 2008.

On August 11, 2009, Grijalva filed the three-count Complaint in this action alleging breach of contract and seeking a constructive trust.[2] (See "Complaint," D.E. 1). Count II

---

[2] Count III of the Complaint only pertains to the defaulted defendant Gulf Bank. The Clerk entered default against Defendants Gulf Bank and Gregory Martin ("Martin") on December 22, 2009, after both failed to respond to the complaint or otherwise appear in this action. (See D.E. 15, 16.) On June 2, 2010, the Court entered final default judgment against them. (See D.E. 45.)

requests the Court issue an Order creating a constructive trust of the estimated $193,312.00 set aside pursuant to a put option agreement, for Grijalva's benefit.

## II. Parties' Arguments

Defendant's Brief argues that Florida Statutes § 733.710 is a statute of repose which precludes Grijalva's claims against The Estate since more than two years have passed since Sosa's death.[3] Relying upon May v. Illinois National Insurance Company, 771 So.2d 1143, 1157 (Fla. 2000) and several Florida appellate court cases, The Estate argues § 733.710 bars Grijalva's claims and no statutory or common law exception applies which might permit an equitable claim for constructive trust.

Plaintiff's Brief appears to concede that Grijalva's breach of contract claim is barred by § 733.710 but asserts his constructive trust claim is unaffected.[4] Grijalva also concedes that § 733.710 is a statute of repose and not a statute of limitations. (See Plaintiff's Brief at 6 ("Fl. Stat. 733.710 imposed a two year non-claim statute").) Rather, Grijalva contends due process and equitable principles require an exception to the statute's bar since The Estate never provided Grijalva with notice of Sosa's death. Grijalva cites Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478 (1988) in support. Grijalva also argues that

---

[3] This issue was raised as an affirmative defense in The Estate's Answer. (See D.E. 7.)

[4] At several points in Plaintiff's Brief, Grijalva argues the applicability of the "probate exception" articulated in Marshall v. Marshall, 547 U.S. 293 (2006) and the Rooker-Feldman doctrine. These arguments were addressed previously (see D.E. 66), are not the focus of this briefing, and are therefore not addressed herein.

3

the common law "trust exception" precludes the application of § 733.710.

### III. Discussion

Section 733.710 provides that,

(1) Notwithstanding any other provision of the code, 2 years after the death of a person, neither the decedent's estate, the personal representative, if any, nor the beneficiaries shall be liable for any claim or cause of action against the decedent, whether or not letters of administration have been issued, except as provided in this section.
(2) This section shall not apply to a creditor who has filed a claim pursuant to s. 733.702 within 2 years after the person's death, and whose claim has not been paid or otherwise disposed of pursuant to s. 733.705.
(3) This section shall not affect the lien of any duly recorded mortgage or security interest or the lien of any person in possession of personal property or the right to foreclose and enforce the mortgage or lien.

FLA. STAT. § 733.710 (2010). "Section 733.710 was part of a package of amendments to the Probate Code that the legislature adopted in 1989 in obvious response to the United States Supreme Court's decision in Tulsa Professional Collection Services Inc. v. Pope." Comerica Bank & Trust, F.S.B. v. SDI Operating Partners, L.P., 673 So.2d 163, 164 (Fla. 4th DCA 1996).

In May v. Illinois National Insurance Company, 771 So.2d 1143 (Fla. 2000), Florida's Supreme Court addressed whether § 733.710 acted as a statute of limitations or a statute of nonclaim that is not subject to waiver or extension.[5] The May court held that § 733.710 "is a jurisdictional statute of nonclaim that automatically bars untimely claims and is not subject

---

[5] This question was certified to the Florida Supreme Court by the Eleventh Circuit. See May v. Illinois Nat'l Ins. Co., 190 F.3d 1200, 1208 (11th Cir. 1999).

4

to waiver or extension in the probate proceedings."[6] 771 So.2d at 1157; see also, May v. Illinois National Insurance Company, 245 F.3d 1281 (11th Cir. 2001). The May court explained that § 733.710 "obviously represents a decision by the legislature that 2 years from the date of death is the outside time limit to which a decedent's estate in Florida should be exposed by claims on the decedent's assets." Id. (quoting Comerica, 673 So.2d at 167). The statute extinguishes any liability "that the estate, the beneficiaries or the personal representative might have had for any claim or cause of action against the decedent." Id. at 1155. Furthermore, the May court explained "[t]he only exception to section 733.710's immunity from liability is found within its own subsection (2), which exempts from the bar of subsection (1) claims that were actually filed within the 2 year period but as to which the personal representative has failed to make payment or file an objection." Id. at 1155-56. As such, it is a statute of repose not subject to extension on the grounds of fraud, estoppel, or insufficient notice. Id.

Consequently, both prior to and after the May decision, numerous Florida appellate courts have barred claims filed against a decedent's estate that fell outside the two-year bar set forth in § 733.710 and did not fall within the statutory exceptions. See Bush v. Webb, 939 So.2d 215, 216 (Fla. 1st DCA 2006) (claim for funeral expenses barred); Dobal v. Perez,

---

[6] The only amendment to § 733.710 occurring after the May decision came in 2001, when the Florida Legislature deleted the parenthesis formerly surrounding the phrase "if any," that follows the words "personal representative" in subsection (1).

5

809 So.2d 78, 79-80 (Fla. 3d DCA 2002) (claim barred despite third party's "lulling promises" causing delay); In re Estate of Fleming, 786 So.2d 660, 661 (Fla. 4th DCA 2001) (claim barred despite issue of whether personal representative of estate fraudulently induced claimant into delaying her filing of claim); Comerica, 673 So.2d at 167 ("claimant cannot avoid it by showing, as he could for the nonclaim period under section 733.702, fraud or estoppel or insufficiency of notice"); In re Estate of Bartkowiak, 645 So.2d 1082, 1084 (Fla. 3d DCA 1994) (claim barred regardless of whether claimant had notice of right to file a claim against the estate or personal representative should have provided such notice).

As a result, the Court finds Grijalva's claims are clearly barred by § 733.710 and the Florida Supreme Court's decision in May. It is undisputed that this lawsuit was initiated more than two years after Sosa's death.[7] Moreover, Grijalva does not claim that either of the two statutory exceptions to the bar apply in this case. Rather, Grijalva relies upon equitable principles in arguing that Defendant's failure to provide sufficient notice of Sosa's death should preclude the application of § 733.710. However, as the May court very clearly held, § 733.710 is a statute of repose that is not subject to extension or waiver based on fraud, estoppel, or insufficient notice. Grijalva's reliance upon Pope is misplaced as the Florida legislature amended its Probate Code, including § 733.710, to comply with the Supreme Court's decision. Furthermore, as § 733.710 is a self-executing statute of repose that is triggered by a decedent's death, it does not involve significant state action or implicate the

---

[7] Additionally, it is worth noting that Plaintiff's claim in the probate proceeding was barred under § 733.710.

6

due process concerns addressed in that case.  See Pope, 485 U.S. at 487.  Grijalva's only other argument is that the so-called "trust exception" discussed in Scott v. Reyes, 913 So.2d 13, 17-18 (Fla. 2d DCA 2005) operates as a common law exception to § 733.710.  This argument fails as the Scott case dealt with the idea of a "trust exception" in the context of § 733.702's statute of limitations.  It also fails because, as the May court explained, the only exceptions to the application of § 733.710 are contained in the statute itself.  Moreover, as The Estate points out, the "trust exception" would not even apply in this case where there are no allegations that Sosa acted as trustee of a trust or instrument of which Grijalva was the beneficiary.  Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Court finds that as a matter of law Plaintiff's claims against Defendant Vilma Mathe de Bonilla, as Personal Representative of the Estate of Salvador Bonilla-Sosa, are barred by Florida Statutes § 733.710 and as such Plaintiff's claims are **DISMISSED WITH PREJUDICE**;

2. Any currently pending motions are **DENIED AS MOOT**;

3. This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of January, 2011.

*[signature]*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**